## Amshel v. Hosenfeld, Appellant (No. 1).

*Res adjudicata—Promissory notes—Series of notes.*

An action upon a promissory note which is one of a series of notes between the same parties is res adjudicata as to the question of the failure of consideration where it appears that on an application to open a judgment by default, entered in an action on another note of the series between the same parties an affidavit of defense was filed which was treated by the court and counsel as a rule for judgment for want of a sufficient affidavit

of defense, that this affidavit set forth the alleged failure of consideration, and that the court confirmed the judgment already entered.

Argued April 16, 1902.   Appeal, No. 89, April T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1901, on verdict for plaintiff in case of Louis Amshel v. Nicholas Hosenfeld.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a promissory note.   Before EVANS, J.

At the trial it was shown that the note in suit was one of a series of four notes between the same parties for $250 each payable in four, eight, twelve and sixteen months from June 21, 1900.   The defendant claimed that the notes were given on condition that a transfer of liquor license should be made to him, and that as this transfer had not been made that there had been a failure of consideration.   The plaintiff offered in evidence a suit on another note in the series bought at No. 113, May term, 1901, in which a judgment originally entered by default had been confirmed by the court.   This offer was objected to:

1. As incompetent and irrelevant.

2. Because under the pleadings in this case there is no reference in any way to this suit at No. 113, May term, 1901, and the same was not pleaded in any way, and the defendant had no notice whatever of said record.

3. For the reason that the said record shows that the judgment was obtained by default, and that an application was made to open the same on April 4, 1901, an affidavit of defense then filed, which was treated by the court and counsel as a rule for judgment for want of sufficient affidavit of defense.

4. That this record is offered in bar of the present action, which defendant claims cannot in any sense be considered a bar or prevent him from setting up the present defense that he has in this action.

The Court: Objection overruled.   Bill ruled. [4]

The court gave binding instructions for the plaintiff.

Verdict and judgment for plaintiff for $270.   Defendant appealed.

*Errors assigned* were (2) in giving binding instructions for

plaintiff. (4) Rulings on evidence, quoting the bill of exceptions.

*F. C. McGirr,* of *Marron & McGirr,* for appellant.—A judgment by default is not an estoppel upon a distinct cause of action, though the material issues of fact are precisely the same in both cases : Tams v. Lewis, 42 Pa. 402 ; Schriver v. Eckenrode, 87 Pa. 213 ; Howlett v. Tarte, 10 C. B. N. S. 813.

*William Yost,* for appellee.—A judgment by default is fully as conclusive an adjudication as after trial and verdict: Newton v. Hook, 48 N. Y. 676 ; Orr v. Mercer County Mut. Fire Ins. Co., 114 Pa. 392 ; Harshman v. Knox County, 122 U. S. 306 ; Blair v. Bartlett, 75 N. Y. 150 ; Brown v. Mayor, 66 N. Y. 385 ; Sailesbury v. Creswell, 14 Hun, 460 ; Wells on Res Adjudicata, 369 ; Barton v. Anderson, 104 Ind. 578 ; Engstrom v. Sherburne, 137 Mass. 153 ; Nemetty v. Naylor, 100 N. Y. 562 ; Gage v. Pumpelly, 115 U. S. 454 ; Gates v. Preston, 41 N. Y. 113 ; Schwan v. Kelly, 173 Pa. 71 ; Stevens v. Hughes, 31 Pa. 386 ; Lewis v. Nenzel, 38 Pa. 222 ; Haneman v. Pile, 161 Pa. 604 ; Kilheffer v. Herr, 17 S. & R. 319 ; Head v. Meloney, 111 Pa. 105.

Recovery on one note of a series is res adjudicata: Gardner v. Buckbee, 3 Cowen, 120 ; French v. Howard, 14 Ind. 455 ; Orr v. Mercer County Mut. Fire Ins. Co., 114 Pa. 392 ; Newton v. Hook, 48 N. Y. 676.

OPINION BY BEAVER, J., May 22, 1902 :

The right of the defendant to set up a want of consideration as a defense to the series of notes, of which that in the present suit was one, was fully considered and passed upon in a suit brought to No. 113, May term, 1901, in the court of common pleas No. 3 of Allegheny county. The judgment in that case was not strictly one by default. The defendant, in his objections to the admission of the record in evidence here, urges, " Third. For the reason that the said record shows that the judgment was obtained by default and that an application was made to open the same on April 4, 1901, an affidavit of defense then filed which was treated by the court and the counsel as a rule for judgment for want of a sufficient affidavit of defense."

It is apparent from an examination of the affidavit of defense filed that the alleged failure of consideration was set out in full as follows : " That the note sued on, together with three others, were executed and delivered by affiant to the plaintiff on the day of their date, on the express stipulation and condition that affiant was to receive a transfer of said license and that the consideration for said notes was the transfer of said license and that in the event of a refusal of said transfer the note sued on, as well as the other three for like amounts, were void for want of consideration." We have, therefore, the same question in a suit between the same parties determined on its merits by a court of competent jurisdiction—the same court in fact. The conditions of res adjudicata are all met. The judgment there binds here.

Judgment affirmed.